Craig B. Sanders, Esq. (284397)
SANDERS LAW, PLLC
100 Garden City Plaza, Suite 500
Garden City, NY 11530
Telephone: (516) 203-7600
Facsimile: (516) 281-7601
csanders@sanderslawpllc.com

*Attorney for Plaintiff*

John Whitaker, WSBA No. 28868
WHITAKER LAW GROUP
1218 Third Avenue, Suite 1809
Seattle, WA 98101
Telephone: (206) 436-8500
Facsimile: (206) 694-2203
john@wlawgrp.com

*Attorney for Defendant*

The Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BWP MEDIA USA INC. d/b/a PACIFIC COAST NEWS,<br><br>Plaintiff,<br><br>vs.<br><br>RICH KIDS CLOTHING COMPANY, LLC,<br><br>Defendant. | Case No.: C13-01975TSZ<br><br>**JOINT STATUS REPORT, DISCOVERY PLAN & [PROPOSED] ORDER** |

The parties to the above-entitled action jointly submit this JOINT STATUS REPORT, DISCOVERY PLAN & PROPOSED ORDER pursuant to Judge Thomas S. Zilly's Order Regarding Initial Disclosures, Joint Status Report, And Early Settlement, dated November 15, 2013.

1

1. Statement of the Nature & Complexity of the Case

    (a) Plaintiff's Statement: Plaintiff provides entertainment-related photojournalism goods and services and owns the rights to a multitude of photographs featuring celebrities, which it licenses to online and print publications. Plaintiff's photographs are original creative works in which Plaintiff owns protectable copyright interests. Defendant is the registered owner and/or operator of the website listed in the Complaint. Defendant intends to challenge Plaintiff's prima facie case of copyright infringement.

    (b) Defendant's Statement:  Defendant markets and sells a unique line of clothing through its web sites. Defendant denies any wrongdoing, and specifically denies having performed any of the alleged acts of misconduct recited in the Complaint.

    (c) Joint Statement:  The parties agree that this is not the type of case that qualifies as complex litigation.

2. Proposed Deadline for the Joining of Additional Parties

    The parties agree that no additional parties may be joined after 60 days from the date that Defendant files its Answer without leave of the Court.

3. Consent to Magistrate Judge for All Purposes

    *Whether all parties agree that the Honorable Mary Alice Theiler may conduct all proceedings including trial and the entry of judgment.*

    __X__ YES     ____NO

4. Discovery Plan

    *The parties' views and proposals on all items in Fed. R. Civ P. 26(f)(3), which includes the following topics:*

    A.  initial disclosures;

      Absent exceptional circumstances, the parties agree that all initial

2

disclosures shall be completed by February 18, 2014.

    B.  subjects, timing, and potential phasing of discovery;

(a) <u>Plaintiff's Statement:</u> At this time, Plaintiff intends to conduct discovery on the following topics, including through interparty written discovery, third party written discovery, and depositions: (1) Internal policies and procedures regarding copyright compliance, and complaints and demand letters received regarding intellectual property infringement; (2) Yearly and quarterly revenue, profit, and/or losses; (3) Analytics for the Defendant's website; (4) The relationship and status of the moderators/administrators and the Defendant; (5) The ownership of and payment for the domain names for the Defendant's website, including the billing records from the domain name registrar; (6) Ownership, creation, and operation of the Defendant's website, including contracts and billing records for website developers and users; (7) Persons responsible for creating and maintaining content on the Defendant's website; (8) Any other issues attendant to the claims set forth in the Plaintiff's Complaint and/or Amended Complaint and the Defendant's Answer and/or Affirmative Defenses.

(b) <u>Defendant's Statement</u>: Defendant intends to conduct discovery on the following topics: Plaintiff's purported rights in the alleged works; The manner and technique by which the alleged works may have come to be shown in connection with Defendant's web sites, including Plaintiff's possible involvement in same; The underlying facts that support Plaintiff's allegations; Any facts that would support Plaintiff's alleged damages.

(c) <u>Joint Statement</u>: No discovery has been taken to date and currently there are

3

no discovery disputes. Parties have discussed a discovery plan and have agreed on a proposed discovery schedule listed below.

C. electronically stored information;

The parties agree to adhere to the guidelines specified within this Court's Model Agreement re: Discovery of Electronically Stored Information, as may be modified or amended only by the Court or by agreement of the parties.

D. privilege issues;

(a) Plaintiff's Position: Any information regarding Plaintiff's sales history, licensing fees, or other sales-related information shall be privileged and confidential.

(b) Defendant's Position:  Only the generally accepted privileges shall apply, and the party asserting any such privilege bears the burden of persuasion on such privilege.

(c) Joint Position: The parties agree to stipulate to this Court's Model Protective Order, as may be modified or amended only by the Court or by agreement of the parties.

E. Proposed limitations on discovery;

At the current time, the parties do not request any changes in the limitations on discovery imposed by Rule 26(f) or the Federal Rules of Civil Procedure.

F. The need for any discovery related orders

As previously stated in Section 4(D), the parties agree to stipulate to this Court's Model Protective Order, as may be modified or amended only by the Court or by agreement of the parties.

5. <u>Views, Proposals & Agreement</u>

    *The parties' views, proposals and agreements on all items set forth in Local Civil Rule 26(f)(1), which includes the following topics:*

    A. prompt case resolution;

    The parties have conferred privately in an effort to resolve this case without resort to litigation but have been unable to reach a resolution thus far.

    B. alternative dispute resolution;

    The parties agree that ENE may be appropriate in this matter.

    C. related cases;

    (a) <u>Plaintiff's Position</u>: The parties do not have any related cases pending at this time. Pursuant to Local Civil Rule 3(f)(2), "An action is related to another when the actions: (A) concern substantially the same parties, property transaction, or event; and (B) it appears likely that there will be an unduly burdensome duplication of labor and expense or the potential for conflicting results if the cases are conducted before different judges." As Plaintiff does not currently have any action that involves the same Defendant, infringements, and/or events as the instant action, it believes that there are no related cases pending at this moment.
    (b) <u>Defedant's Position</u>:  Plaintiff has a number of similar litigation matters pending against many other defendants in this and other districts.  Defendant is currently unaware if the alleged work at issue in this matter is also at issue in any other litigation matter.

    D. discovery management;

    At this time, the parties do not have any proposals or agreements with respect

5

to discovery management other than what was previously stated in Section 4 and what is contained in the proposed discovery schedule below.

E. anticipated discovery sought;

At this time, the parties do not have any proposals or agreements with respect to anticipated discovery sought other than what was previously described in Section 4(B).

F. phasing motions;

Please see the parties' jointly proposed discovery schedule below.

G. preservation of discoverable information;

The parties have reviewed guidelines contained within the Model Agreement re: Discovery of Electronically Stored Information and agree to adhere to them.

H. privilege issues;

As previously stated in Section 4(D), the parties agree that any information regarding Plaintiff's sales history, licensing fees, or other sales-related information shall be privileged and confidential. The parties further agree to stipulate to this Court's Model Protective Order, as may be modified or amended only by agreement of the parties.

I. Model Protocol for Discovery of ESI; and;

As previously stated in Section 4(C), the parties agree to adhere to the

guidelines specified within this Court's Model Agreement re: Discovery of Electronically Stored Information, as may be modified or amended only by agreement of the parties.

J. Alternatives to Model Protocol.

At this time, the parties have not agreed to any alternatives to Model Protocol.

6. Completion of Discovery

*The parties' agreement as to the date by which discovery can be completed.*

The parties agree that discovery shall be completed by November 10, 2014.

7. Bifurcation of Case

*Whether the case should be bifurcated by trying the liability issues before the damages issues, or bifurcated in any other way.*

At this time, the parties do not have any requests to bifurcate issues, claims or defenses.

8. Pretrial Statements & Pretrial Order

*Whether the pretrial statements and pretrial order called for by Local Civil Rules 16(e), (h), (i), and (k), and 16.1 should be dispensed with in whole or in part for the sake of economy:*

At this time, the parties do not feel that the pretrial statements and pretrial order called for by Local Civil Rules 16(e), (h), (i), and (k), and 16.1 should be dispensed with in whole or in part for the sake of economy.

9. Individualized Trial Program

*Whether the parties intend to utilize the Individualized Trial Program set forth in Local Civil Rule 39.2 or any ADR options set forth in Local Civil Rule 39.1.*

At this time, the parties do not intend to utilize the Individualized Trial program set

7

forth in Local Rule 39.2 or any ADR options set forth in Local Civil Rule 39.1.

10. Suggestions

*Any other suggestions for shortening or simplifying the case.*

The parties agree to service by electronic mail without affecting the computation of time

set out in FRCP 6, in an effort to shorten and/or simplify the case.

11. Trial Date

*The parties' agreement as to the date by which the case will be ready for trial.*

The parties agree that they shall be ready for trial by February 17, 2015.

12. Jury v. Non-Jury Trial

*Whether the trial will be jury or non-jury.*

The parties have each demanded a trial by jury.

13. Length of Trial

*The parties' agreement as to the number of trial days that shall be required.*

The parties agree to a trial of not more than 3 days.

14. Contact Information

*The names, addresses, and telephone numbers of all trial counsel.*

Craig B. Sanders, Esq. (284397)
SANDERS LAW, PLLC
100 Garden City Plaza, Suite 500
Garden City, NY  11530
Telephone:  (516) 203-7600
Facsimile:   (516) 281-7601
csanders@sanderslawpllc.com
*Attorney for Plaintiff*


John Whitaker, WSBA No. 28868
WHITAKER LAW GROUP
1218 Third Avenue, Suite 1809
Seattle, WA 98101
Telephone:  (206) 436-8500
Facsimile:  (206) 694-2203
john@wlawgrp.com

8

*Attorney for Defendant*

15. Dates of Complication

    *Dates on which the trial counsel may have complications to be considered in setting a trial.*

    At this time, the parties do not foresee any dates of complication within the time period for which they are contemplating trial.

16. Service + Proposed Schedule

    *If, as of the date of this Report, all defendant(s) or respondent(s) have not been served, the date as to which service will be effected, explanation why it was not made earlier, and proposed schedule for the required FRCP 26(f) conference and FRCP 26(a) initial disclosures.*

    All parties to the instant action have been served.

17. Scheduling Conference

    *Whether any party wishes a scheduling conference before the Court enters a scheduling order in the case.*

    At this time, the parties do not wish to have a scheduling conference before the Court enters a scheduling order in the case.

18. Non-Governmental Corporate Parties' Disclosure Statements

    *The dates that each and every non-governmental corporate party filed its disclosure statement pursuant to Fed. R. Civ. P. 7.1 and Local Civil Rule 7.1.*

    Plaintiff filed its Non-Governmental Corporate Parties' Disclosure Statement pursuant to Fed. R. Civ. P. 7.1 and Local Rule 7.1 on November 5, 2013.

19. Video Recordings

    *Whether the parties consent to having hearings in this matter video recorded as part of the Judiciary's Pilot Project on Cameras in the Courtroom, as set forth in Section V of Judge Thomas S. Zilly's Order Regarding Initial Disclosures, Joint Status Report, and Early Settlement, dated November 15, 2013.*

    At this time the parties do not anticipate having hearings in this matter video recorded.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## JOINTLY PROPOSED CASE SCHEDULE

| Event | Proposed Date |
|---|---|
| Rule 26 initial disclosures | February 18, 2014 |
| Amendment of pleadings and Addition of parties | 60 Days After Defendant Files Answer |
| Discovery cut-off | November 10, 2014 |
| Filing of Dispositive motion deadline | December 1, 2014 |
| Dispositive Motion Hearing | January 6, 2014 |
| Pretrial disclosures | January 26, 2015 |
| Final pretrial conference | To be set by court |
| Trial | February 17, 2015 |

Dated: January 28, 2014        /s/ Craig B. Sanders
                               Counsel for Plaintiff

Dated: January 28, 2014        /s/ John Whitaker
                               Counsel for Defendant

### JOINT STATUS REPORT & DISCOVERY PLAN PROPOSED ORDER

The above JOINT STATUS REPORT, DISCOVERY PLAN & PROPOSED ORDER is approved as the Joint Status Report & Discovery Plan for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated: _____

                               UNITED STATES DISTRICT COURT JUDGE

11