1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

9

10

11

12

13

BWP MEDIA USA INC., d/b/a PACIFIC
COAST NEWS,

Plaintiff,

v.

RICH KIDS CLOTHING COMPANY, LLC,

Defendant.

CASE NO. C13-1975-MAT

ORDER RE:  MOTIONS FOR
SUMMARY JUDGMENT

14

<u>INTRODUCTION</u>

15

16

17

18

19

20

21

Plaintiff BWP Media USA, Inc., d/b/a Pacific Coast News ("BWP") filed suit against defendant Rich Kids Clothing Company, LLC ("RKCC") for copyright infringement in violation of 17 U.S.C. § 101, et seq.  Now before the Court is Plaintiff's Motion for Partial Summary Judgment (Dkt. 17) and Defendant's Motion for Summary Judgment (Dkt. 20).  Having considered those motions, the responses, and all arguments and requests contained therein, along with the remainder of the record, the Court herein DENIES plaintiff's motion, GRANTS defendant's motion, and DISMISSES this case.

22

<u>BACKGROUND AND DISCUSSION</u>

23

BWP owns the rights to a multitude of photographs featuring celebrities, which it licenses

ORDER
PAGE - 1

to online, television, and print publications.  RKCC is a clothing company, and owns and operates a website – www.richkidsbrand.com – where it displays and sells its clothes.

BWP maintains RKCC unlawfully copied and/or displayed three of BWP's photographs on RKCC's website, and thereby directly infringed on BWP's copyrights in violation of 17 U.S.C. § 101, et seq.   (*See* Dkt. 1.)[1]  In order to prevail on such a claim, BWP must show "(1) ownership of a valid copyright; and (2) copying of constituent elements of the work that are original."   *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991) (cited case omitted); *Seven Arts Filmed Entm't, Ltd. v. Content Media Corp. PLC*, 733 F.3d 1251, 1254 (9th Cir. 2013).

BWP attached a three-page exhibit to its complaint.  (Dkt. 1-3.)  Each page of the exhibit contains a copyrighted image owned by BWP, juxtaposed alongside a "webpage capture of infringement."   (*Id*.)   The copyrighted images are close to standard-size photographs, approximately three inches wide and five-and-a-half inches tall, and show actors on the set of the film "Anchorman:  The Legend Continues."  (*See id*.)  The "webpage captures" are minuscule, no more than one-sixteenth of an inch wide and some four-and-a-half inches tall, and do not reveal any discernible images within.  (*See id*.)  Indeed, it is not possible to confirm plaintiff's assertion that the exhibit represents a website.

In seeking summary judgment, BWP points to its undisputed ownership of a valid copyright on each of the three photographs at issue in this case, and provides an affidavit and exhibit as evidence of RKCC's copying.  (*See* Dkt. 18 and Dkt. 19-9.)  Paul Harris, the President

---

[1]  BWP also raises counts of contributory, vicarious, and inducement of copyright infringement (*see* Dkt. 1), but filed its dispositive motion in relation to the direct infringement count alone, stating a grant of partial summary judgment would be dispositive of all claims in this case in regard to the measure of recovery.  (Dkt. 17 at 9, n.1.)  For purposes of judicial economy, the Court also herein limits its discussion, but not its ruling, to BWP's claim of direct infringement.  *See infra* at n. 3.

1    of BWP, attests he observed the three photographs on RKCC's website on August 19, 2013 and

2    that the exhibit provided is a "screen-grab" of RKCC's website on that day. (Dkt. 18, ¶11.) The

3    screen-grab consists of a series of large and in some cases almost full-page images depicting, in

4    substantial part, models wearing clothing sold by RKCC. (Dkt. 19-9.) It also appears to include

5    the three copyrighted images at issue in this lawsuit. (*Id.*) BWP contends it is entitled to

6    summary judgment because RKCC fails to produce any evidence to support its unadorned

7    denials of the allegations in the complaint.

8        In opposing BWP's motion, RKCC argues the screen-grab exhibit to BWP's motion must

9    be stricken given that it was never produced during discovery. (Dkt. 23.) RKCC further argues

10   that, even if considered, the screen-grab does not support a finding of infringement, and that

11   other evidence refutes the alleged infringement. (*Id.*) RKCC also moves for summary judgment,

12   contending BWP fails to produce admissible evidence upon which a reasonable jury could find

13   liability, that the "sliver of an image" provided in the exhibit to the complaint does not show any

14   copying, and that BWP should be foreclosed, pursuant to Federal Rule of Civil Procedure 37,

15   from relying on the evidence only now produced and attached to its motion for partial summary

16   judgment. (Dkt. 20.)

17       Given the implications to the dispositive motions and this case as a whole, the Court first

18   considers the propriety of sanctions under Rule 37.

19   A.    Rule 37 Sanctions

20       Rule 37(c)(1) forbids the use as evidence in a motion or at trial "'any information

21   required to be disclosed by Rule 26(a) that is not properly disclosed." *R & R Sails, Inc. v. Ins.*

22   *Co. of Penn.*, 673 F.3d 1240, 1246 (9th Cir. 2012) (quoting *Hoffman v. Constr. Protective Servs.,*

23   *Inc.*, 541 F.3d 1175, 1180 (9th Cir. 2008) (quoting *Yeti by Molly Ltd. v. Deckers Outdoor Corp.,*

ORDER
PAGE - 3

259 F.3d 1101, 1106 (9th Cir. 2001))).  Specifically, the rule provides:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.  In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>
> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
>
> (B) may inform the jury of the party's failure; and
>
> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).[2]

Fed. R. Civ. P. 37(c)(1).

Rule 37 sanctions are "'self-executing,' 'automatic[,]'" and designed to "'provide[] a strong inducement for disclosure of material[.]'"  *Yeti by Molly, Ltd.*, 259 F.3d at 1106 (quoting Fed. R. Civ. P. 37 advisory committee's note to the 1993 amendments (hereinafter "1993 advisory committee's note")).  The party facing sanctions bears the burden of proving its failure to disclose the required information was substantially justified or is harmless.  *R & R Sails, Inc*, 673 F.3d at 1246 (citing *Torres v. City of L.A.*, 548 F.3d 1197, 1213 (9th Cir. 2008)).  For the reasons discussed below, the Court finds Rule 37 sanctions against BWP warranted.

Federal Rule of Civil Procedure 26(a)(1)(A) requires a party to make certain initial disclosures to other parties "without awaiting a discovery request[.]"  Those disclosures include "a copy – or a description by category and location – of all documents, electronically stored

---

[2] *See* Fed. R. Civ. P. 37(b)(2)(A) (providing for remedies including: "(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; [or] (vi) rendering a default judgment against the disobedient party[.]")

information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims[.]" Fed. R. Civ. P. 26(a)(1)(A)(ii).  Parties are further required, under Rule 26(e), to supplement or correct initial disclosures on an ongoing basis.

In this case, BWP indicated in its initial disclosures its "possession of materials relevant to Defendant's commission of copyright infringement on its website, including digital files of screen shots of the website depicting Defendant's commission of copyright infringement." (Dkt. 28-1 at 3.)  No materials were included in the disclosures.  RKCC submits evidence showing it sought production of the materials identified in plaintiff's initial disclosures, and that BWP failed to comply with that request.  Specifically, in an email dated October 30, 2014, the deadline for filing discovery-related motions and some two weeks prior to the close of discovery, counsel for RKCC reminded counsel for BWP that he had "never received any documents at all from BWP[,]" other than the exhibit attached to the complaint, described above.  (Dkt. 24-1 at 2.) Defendant's counsel indicated he was considering filing a motion to compel, which would be withdrawn when documents were produced.  (*Id*.)  In an email later that same day, RKCC's counsel reiterated:

> As to the documents, I'm referring to any documents envisioned by the initial disclosure rules "all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use [sic] to support its claims or defenses, unless the use would be solely for impeachment[.]"

(Dkt. 24-1 at 3.)  He added:  "Of course, if BWP doesn't plan to rely on any documents other than the pleadings to support its claims, that's fine.  I guess I would just ask for confirmation." (*Id*.)  Counsel for RKCC attests that counsel for BWP provided the requested confirmation by telephone that BWP would not rely on any documents other than those included in the pleadings.

(Dkt. 24, ¶4.)

BWP does not address RKCC's discovery request.  (*See* Dkts. 22 and 28.)  BWP, instead, maintains it complied with the requirements for initial disclosures by describing the materials in its possession, and focuses on the fact that RKCC did not file a formal request for production of documents.  (*Id.*)  BWP avers it "fully expected" RKCC would have in its possession the evidence identified in the complaint, expressing concern as to how this evidence "became spoliated" following the notice of litigation.  (Dkt. 28 at 2.)  BWP also maintains it was "technologically unable" to print out a larger copy of the webpage capture up until the very day it filed its motion for summary judgment, having previously "believed no such document could be created" due to "scaling issues."  (*Id.* at 2-3.)

In allowing for a description by category and location, Rule 26(a)(1)(A)(ii) does not require the actual production of documents.  1993 advisory committee's note.  Where a party provides only a description, "the other parties are expected to obtain the documents desired by proceeding under Rule 34 *or through informal requests*."  *Id.*  (emphasis added).  In this case, RKCC provides undisputed evidence supporting its informal request for discoverable material and BWP's failure to comply with that request and its obligations under the rules of civil procedure.  *Cf. R & R Sails, Inc.*, 673 F.3d at 1246 (". . . R&R was not required to affirmatively produce its attorney's fee invoices during the discovery period *without a request from AIG*.") (emphasis added).

"'A major purpose' of the initial disclosure requirements 'is to accelerate the exchange of basic information about the case and to eliminate the paper work involved in requesting such information.'"  *Id.* (quoting 1993 advisory committee's note).  Courts should apply the rules "in a manner to achieve those objectives."  1993 advisory committee's note.  The rules further serve

ORDER
PAGE - 6

1    to "help focus the discovery that is needed, and facilitate preparation for trial or settlement." *Id*.

2    The disclosure requirements should be applied "with common sense" in light of the principles

3    and purposes of Rule 1, *id*., which directs that the rules of civil procedure "be construed and

4    administered to secure the just, speedy, and inexpensive determination of every action and

5    proceeding." Fed. R. Civ. P. 1.  "[L]itigants should not indulge in gamesmanship with respect to

6    the disclosure obligations."  1993 advisory committee's note.  As stated by the Ninth Circuit

7    Court of Appeals:  "The theory of disclosure under the Federal Rules of Civil Procedure is to

8    encourage parties to try cases on the merits, not by surprise, and not by ambush." *Ollier v.*

9    *Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 862 (9th Cir. 2014).

10        The Court concludes that BWP failed to adequately comply with its disclosure and

11   discovery obligations.  The Court further, and for the reasons set forth below, exercises its

12   discretion to foreclose BWP from relying on evidence it failed to timely provide to RKCC.

13        BWP does not demonstrate its discovery-related failures were substantially justified or

14   harmless.  (*See* Dkt. 28 at 3.)  BWP's reliance on the sparse description made in the initial

15   disclosures is unavailing given the evidence it failed to comply with RKCC's request for the

16   actual materials purportedly described in those disclosures.  While RKCC could have drafted a

17   formal discovery request and/or filed a motion to compel with the Court, BWP's insistence on

18   such measures before providing clearly relevant materials flies in the face of the purpose and

19   spirit of the rules governing discovery and civil procedure as a general matter.  Certainly,

20   because it identified a single piece of evidence, the production of that evidence would not have

21   been burdensome.

22        Nor can BWP reasonably rely on the webpage capture attached to the complaint.  The

23   differences between that attachment and the screen-grab exhibit are obvious.  *Cf. Ollier*, 768

ORDER
PAGE - 7

F.3d at 862-63 (upholding exclusion of testimony from individuals not named as witnesses in disclosures or discovery responses; rejecting contention that obligation to disclose was met when properly disclosed witnesses made reference to the undisclosed witnesses during depositions); *Malico, Inc. v. Cooler Master USA, Inc.*, No. C11-4537, 2013 U.S. Dist. LEXIS 118119 at *21-25 (N.D. Cal. Aug. 20, 2013) (excluding photographs that were responsive to timely written discovery request, but submitted for first time with summary judgment motion; finding prior instances in which the device depicted in the photographs was presented to the opposing party did not operate as official or valid production excusing the failure to timely produce the photographs), *aff'd in part, vacated in part, and remanded on other grounds*, 2014 U.S. App. LEXIS 21850 (Fed. Cir. Nov. 17, 2014).  That is, the webpage capture reveals no discernible images and does not, therefore, allow RKCC to make any meaningful evaluation of BWP's copyright infringement claim.  It is undisputed that neither the screen-grab exhibit, nor any other evidence of the alleged copyright infringement in a viewable format was provided to RKCC prior to the filing of BWP's motion.

BWP's expectation that RKCC would already have the alleged evidence of infringement was unreasonable and assumes a liability RKCC denies, and its suggestion as to spoliation is no more than conclusory.  Finally, the Court does not find credible the contention that BWP was technologically unable to provide its evidence in printed, viewable form at any time before the day it filed its motion for summary judgment.  Moreover, any technological difficulty BWP may have experienced in this regard did not preclude the provision of the evidence to RKCC in some digital or other viewable format.  *Cf. Malico, Inc*., 2013 U.S. Dist. LEXIS 118119 at *22-23 ("[A] party's own tardiness in creating a key piece of evidence on which it intends to rely in support of a dispositive motion does not excuse its failure to satisfy its disclosure obligations. If

Malico elected to rely on photographs of an accused product in support of its motion, it should have taken and produced those images during discovery.")

The harm caused by BWP's failure to provide the materials to RKCC is apparent.  RKCC lacked the evidence upon which BWP relies to prove its claim up until the day BWP filed its motion for summary judgment, on a date that was also the deadline for filing dispositive motions.  (*See* Dkts. 14 and 17.)   This failure impeded RKCC's ability to conduct discovery in order to investigate and evaluate the strength of BWP's claim and any possible defenses, to fully address BWP's claims in a dispositive motion, to make an informed decision about settlement, and to prepare for trial.  Given the appearance of the evidence well after the close of discovery, on the dispositive motion deadline, and only one month prior to trial, the harm extends to this Court.  *See Ollier*, 768 F.3d at 862-63 ("Orderly procedure requires timely disclosure so that trial efforts are enhanced and efficient, and the trial process is improved. The late disclosure of witnesses throws a wrench into the machinery of trial. A party might be able to scramble to make up for the delay, but last-minute discovery may disrupt other plans. And if the discovery cutoff has passed, the party cannot conduct discovery without a court order permitting extension. This in turn threatens whether a scheduled trial date is viable. And it impairs the ability of every trial court to manage its docket.")

Rule 37 sanctions are appropriate even if a litigant's entire cause of action falls.  *Hoffman*, 541 F.3d at 1180.  However, where it would effectively constitute dismissal of a claim, the Court must consider (1) whether the party's noncompliance involved willfulness or bad faith, as well as (2) the availability of lesser sanctions.  *R & R Sails*, 673 F.3d at 1247.

In this case, BWP refused to provide any materials in response to RKCC's informal discovery request and indicated it would rely solely on the webpage capture of infringement

1   attached to the complaint.  Later, it provided, with its dispositive motion, the webpage capture in

2   a different, but viewable format.  These actions give the appearance of gamesmanship and an

3   attempt to impair RKCC's ability to marshal a timely defense to dispositive motions and to

4   prepare for trial.  The Court also finds noteworthy the fact that BWP has not addressed or even

5   acknowledged the evidence submitted as to RKCC's informal discovery request.

6       The Court concludes that imposing lesser sanctions is not a viable solution and cannot

7   remedy the harm and prejudice established.  RKCC would, at a minimum, be entitled to conduct

8   discovery and file a revised motion for summary judgment.  The reopening of discovery and

9   resetting of dispositive motion deadlines would necessitate the rescheduling of trial, set to

10  commence in less than four weeks from the date of this Order.  "Disruption to the schedule of the

11  court and other parties . . . is not harmless."  *Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052,

12  1062 (9th Cir. 2005) (as amended).

13      In sum, the Court concludes that, pursuant to Rule 37(c), BWP is foreclosed from relying

14  on the evidence attached to its motion for summary judgment and is restricted to relying on the

15  evidence attached to its complaint and/or otherwise properly produced during the course of

16  discovery.  Within that framework, the Court proceeds to the pending motions for summary

17  judgment.

18  B.    Motions for Summary Judgment

19      Summary judgment is appropriate when there is no genuine issue of material fact and the

20  moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  A party seeking

21  summary judgment must inform the Court of the basis for its motion, and identify the portions of

22  the pleadings, discovery responses, or other materials that demonstrate the absence of a genuine

23  issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

ORDER
PAGE - 10

Where the moving party will have the burden of proof on an issue at trial, the movant must affirmatively demonstrate that no reasonable trier of fact could find other than for the movant. *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). Where the non-moving party will have the burden of proof at trial, the moving party can carry its initial burden by either producing evidence that negates an essential element of the non-moving party's claim, *or* by establishing the absence of evidence to support an essential element of the non-moving party's claim. *See James River Ins. Co. v. Herbert Schenk, P.C.*, 523 F.3d 915, 923 (9th Cir. 2008); *Soremekun*, 509 F.3d at 984 (citing *Celotex Corp.*, 477 U.S. at 323). *See also Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000).

The burden then shifts to the nonmoving party to establish a genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-87 (1986). The Court must draw all reasonable inferences in favor of the nonmoving party. *Id.* at 587.

The opposing party must present significant and probative evidence to support its claim or defense. *Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir. 1991). "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient[]" to defeat summary judgment. *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995). Also, the nonmoving party "cannot defeat summary judgment with allegations in the complaint, or with unsupported conjecture or conclusory statements." *Hernandez v. Spacelabs Med. Inc.*, 343 F.3d 1107, 1112 (9th Cir. 2003).

1.    <u>Defendant's Motion for Summary Judgment</u>:

As stated above, to prevail on a claim of copyright infringement, BWP must show both ownership of a valid copyright and copying. *Feist Publ'ns, Inc.*, 499 U.S. at 361. While not disputing ownership, RKCC avers the absence of admissible evidence showing copying, and,

ORDER
PAGE - 11

therefore, its entitlement to summary judgment.  The Court agrees.

BWP is precluded from relying on the screen-grab exhibit provided with its dispositive motion.  The "webpage capture" attached to the complaint (Dkt. 1-3) fails to show any discernible images.  BWP lacks any evidence allowing for a side-by-side comparison between its copyrighted images and the allegedly infringing content on RKCC's website and, as such, lacks any evidence of copying.  BWP, at best, is left with the bare allegation in its complaint and the affidavit attesting to the viewing of its copyrighted images on a certain date and at a certain location on the internet.  However, such allegation and unsupported affidavit do not suffice to defeat summary judgment.  *See generally Intel Corp.*, 952 F.2d at 1558, *Triton Energy Corp.*, 68 F.3d at 1221, and *Hernandez*, 343 F.3d at 1112.  *See also Soremekun*, 509 F.3d at 984 ("Conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment.").  RKCC meets its burden on summary judgment of showing an absence of evidence to support BWP's case, and BWP fails to establish a genuine issue of material fact precluding summary judgment.[3]

The Court also addresses two arguments raised in opposition to RKCC's motion.  BWP maintains the "most glaring" basis for denying RKCC's motion is its filing in violation of Local Civil Rule (LCR) 7(e)(3).  (Dkt. 22 at 2.)  LCR 7(e)(3) prohibits parties, absent leave of the court, from filing "contemporaneous dispositive motions, each one directed toward a discrete issue or claim."  This rule serves to prevent a single party from filing contemporaneous motions

---

[3] BWP's additional claims for contributory, vicarious, and inducement of copyright infringement all require someone to have directly infringed the copyright.  *See Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930-31 (2005) ("One infringes contributorily by intentionally inducing or encouraging direct infringement and infringes vicariously by profiting from direct infringement while declining to exercise a right to stop or limit it.") (citations omitted); 2 Paul Goldstein, Goldstein on Copyright § 8:7 (3d ed. 2005 & Supp. 2013) ("For a defendant to be held contributorily or vicariously liable, a direct infringement must have occurred[.]").  Given the absence of any evidence or dispute of fact as to direct infringement, BWP's remaining claims also necessarily fail.

ORDER
PAGE - 12

1   in an effort to circumvent the page length requirements governing dispositive motions. *See* LCR

2   7(e) ("Length of Motions and Briefs"). BWP's reading of this rule as preventing a party from

3   filing a single motion for summary judgment simply because the opposing party filed their

4   motion first is illogical and plainly wrong. Also, the Court finds BWP's arguments targeting the

5   declaration attached to RKCC's motion (*see* Dkt. 22 at 16-17) both lacking in merit and

6   irrelevant to the determination that RKCC is entitled to summary judgment.

7        Finally, the Court addresses the requests for sanctions made in association with RKCC's

8   motion for summary judgment. (*See* Dkts. 22 and 26.) BWP's motion for Rule 11 sanctions

9   lacks merit. RKCC demonstrated its entitlement to dismissal of BWP's claims with a properly

10  supported motion for summary judgment, filed its motion in accordance with this Court's local

11  rules, and did not submit or rely on an improper declaration. Moreover, in failing to file a

12  separate motion for sanctions and in failing to provide RKCC with twenty-one days notice prior

13  to filing, BWP did not comply with Rule 11(c)(2). *Holgate v. Baldwin*, 425 F.3d 671, 677-78

14  (9th Cir. 2005) (the Rule 11(c)(2) "safe harbor provision" requires twenty-one days notice to

15  withdraw or correct an offending paper; this provision is strictly enforced and sanctions must be

16  reversed for failure to comply with the notice requirement, even when an underlying claim is

17  frivolous) (cited cases omitted). BWP is, therefore, not entitled to Rule 11 sanctions.

18       RKCC also requests Rule 11 sanctions based on its need to respond to BWP's improperly

19  filed and frivolous Rule 11 motion. "Rule 11 is an extraordinary remedy, one to be exercised

20  with extreme caution." *Operating Eng'rs. Pension Trust v. A-C Co.*, 859 F.2d 1336, 1345 (9th

21  Cir. 1988). The Court here finds an insufficient showing as to fees necessitated or warranted,

22  and declines to exercise its discretion to award sanctions to RKCC. *See Cooter & Gell v.*

23  *Hartmarx Corp.*, 496 U.S. 384, 405 (1990) (sanction decisions reviewed for abuse of discretion).

ORDER
PAGE - 13

2.    Plaintiff's Motion for Partial Summary Judgment:

Because BWP lacks the evidence of copying necessary to establish copyright infringement, it is not entitled to a judgment as a matter of law, and its motion for partial summary judgment must be denied.  The Court further observes that, even in the absence of Rule 37 sanctions and with consideration of the screen-grab exhibit provided with BWP's motion, material factual disputes established by RKCC (*see* Dkt. 23) would have precluded a summary judgment ruling favorable to BWP.

CONCLUSION

The Court excludes, pursuant to Rule 37(c)(1), the screen-grab exhibit provided in support of BWP's motion for partial summary judgment (Dkt. 19-9), and any other evidence not properly disclosed and/or provided to RKCC in discovery.  The Court finds an absence of a dispute as to any material fact established and RKCC entitled to a judgment as a matter of law. Defendant's motion for summary judgment (Dkt. 20) is GRANTED, plaintiff's motion for partial summary judgment (Dkt. 17) is DENIED, both parties' requests for sanctions are DENIED, and this matter is hereby DISMISSED.

DATED this 23rd day of January, 2015.

_____
Mary Alice Theiler
Chief United States Magistrate Judge

ORDER
PAGE - 14