1
2
3
4
5
6

Hon. Mary Alice Theiler

7
8
9
10
11
12

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON

| BWP Media USA Inc., d/b/a Pacific Coast News | Cause No. 2:13-cv-01975 |
|---|---|
| Plaintiff, | |
| v. | DEFENDANT'S MOTION FOR ATTORNEY'S FEES |
| Rich Kids Clothing Company, LLC, Defendant. | Noted: February 27, 2015 |

13
14
15
16
17
18
19
20

COMES NOW Defendant Rich Kids Clothing Company, LLC (RKCC), by and through undersigned counsel, and submits this motion for an order directing that Plaintiff BWP Media USA, Inc. (BWP) reimburse RKCC a reasonable attorneys' fee for defending this matter. RKCC respectfully requests an award of a reasonable attorneys fees pursuant to 17 U.S.C. § 505. RKCC is the prevailing party by virtue of the Final Judgment (Dkt 31) entered on January 23, 2015. The estimated amount of RKCC's attorneys' fees is $24,290.

21

## SUMMARY OF ARGUMENT

22
23
24
25
26
27

In this action, Plaintiff BWP Media USA Inc., filed suit against RKCC alleging that RKCC copied and displayed BWP's photographs on the www.richkidsbrand.com website ("the RKCC website"). The documents filed in connection with BWP's complaint were inadequate to sustain its alleged cause of action. RKCC considered filing a

Motion For Attorneys Fees
Case No. 13-cv-1975

-1-

WHITAKER LAW GROUP
1218 Third Avenue, Suite 1809
Seattle, Washington 98101
Phone:  206-436-8500

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

motion under Rules 12(b)(6) or 12(c), but declined to do so with the expectation that any actual evidence BWP possessed would be produced through discovery. As this Court is aware, no such production occurred, and RKCC moved for summary judgment of non-infringement. In the course of that briefing, BWP produced, for the first time, a single, questionable document purporting to support BWP's claim. However, upon RKCC's motion, this Court struck BWP's late-produced evidence leaving BWP with no evidence upon which its claim could move forward. (Dkt 30). Accordingly, judgment was granted in favor of RKCC and against BWP as to BWP's claims of copyright infringement. Thus, as the prevailing party, RKCC now requests reimbursement of its attorneys fees under Section 505 of the Copyright Act.

## DISCUSSION AND AUTHORITIES

## I.   RKCC Should Be Awarded Its Reasonable Attorneys' Fees Incurred In Connection With This Matter

Section 505 of the Copyright Act provides that, in civil copyright actions, the Court may "award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. By virtue of this Court's entry of summary judgment, RKCC is the prevailing party. See *Maljack Prods., Inc. v. GoodTimes Home Video Corp.*, 81 F.3d 881, 890 (9th Cir. 1996). Courts in this Circuit generally consider the following nonexclusive factors when considering whether to grant an award of attorneys' fees in a copyright action:[1] (1) the degree of success obtained; (2) frivolousness

---

[1]Several Circuits have held that, in accord with *Fogerty*, awards of fees are "the rule rather than the exception and [they] should be awarded routinely." *Positive Black Talk Inc. v. Cash Money Records, Inc.*, 394 F.3d 357, 381 (5th Cir. 2004) abrogated on other grounds by *Reed Elsevier, Inc.*

of the action; (3) motivation of the plaintiff; (4) objective unreasonableness (both in the factual and in the legal components of the case); and (5) the need to advance considerations of compensation and deterrence. *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 & n.19 (1994); *Twentieth Century Fox Film Corp. v. Entm't Distrib.*, 429 F.3d 869, 883 (9th Cir. 2005). All of those factors weigh in favor of awarding RKCC its attorneys' fees in defending this action.

## A. RKCC Achieved Complete Success on the Merits

The Court resolved the entirety of BWP's claims in favor of RKCC. Thus, RKCC achieved complete and total success in this action. Accordingly, this factor weighs in favor of a fee award to RKCC. See *Maljack Prods.*, 81 F.3d at 890 (award of attorneys' fees proper where defendant, for which summary judgment was granted, "obtained total success in defending against [plaintiff's] copyright claims"); *Amadasun v. Dreamworks, LLC*, 359 F. Supp. 2d 1367, 1375 (N.D. Ga. 2005) (where "Court granted summary judgment in favor of defendants as to plaintiff's copyright infringement, federal trademark, and state law claims . . . defendants are clearly the prevailing parties on all claims.").

## B. Plaintiff's Claims Were Objectively Unreasonable

Unreasonableness is an objective standard, and thus a plaintiff's ignorance of the facts or the law before filing does not

---

v. Muchnick, 559 U.S. 154 (2010) (internal citations omitted); see, e.g., *Thoroughbred Software Intern., Inc. v. Dice Corp.*, 488 F.3d 352, 362 (6th Cir. 2007). This is particularly true when the prevailing party is the defendant. *Woodhaven Homes & Realty, Inc. v. Hotz*, 396 F.3d 822, 824 (7th Cir. 2005) ("When the prevailing party is the defendant … the presumption in favor of awarding fees is very strong. For without the prospect of such an award, the party might be forced into a nuisance settlement or deterred all together from exercising his rights.")

WHITAKER LAW GROUP
1218 Third Avenue, Suite 1809
Seattle, Washington 98101
Phone: 206-436-8500

negate objective unreasonableness. See *Maljack*, 81 F.3d at 889; *Budget Cinema, Inc. v. Watertower Associates*, 81 F.3d 729, 732-33 (7th Cir. 1996) (awarding attorneys' fees where plaintiff knew or should have known that it lacked ownership of the copyright upon which it sued). The Court need not find that Plaintiff's claims were frivolous in order to award attorneys' fees. See *Fogerty*, 510 U.S. at 527, 532 n.18 (rejecting argument that attorneys' fees award to a defendant "represents a penalty imposed upon the plaintiff for institution of a baseless, frivolous, or unreasonable suit, or one instituted in bad faith"). Indeed, unreasonableness is not even a prerequisite to a fee award. *Garcia-Goyco v. Law Envtl. Consultants, Inc.*, 428 F.3d 14, 21 (1st Cir. 2005) (fee award appropriate even without express finding of frivolity); *Matthews v. Freedman*, 157 F.3d 25, 29 (1st Cir. 1998) ("Depending on other circumstances, a district court could conclude that the losing party should pay even if all of the arguments it made were reasonable.").

In this matter, BWP filed a complaint for copyright infringement which, on its face, was frivolous. As noted in the summary judgment briefing, BWP filed its claim of copyright infringement supported only by exhibits which purport to show that RKCC copied BWP's images. (Dkt 1). However, a review of BWP's exhibits reveal that it failed to identify any image at all on the RKCC website that is even remotely similar to BWP's images. (Dkt 1-3).

Although BWP produced one untimely document purporting to show the RKCC website with BWP's images on it, that document was never produced during discovery; which led this Court to exclude it on summary judgment. (Dkt 30). Although that document purports to

Motion For Attorneys Fees
Case No. 13-cv-1975

-4-

WHITAKER LAW GROUP
1218 Third Avenue, Suite 1809
Seattle, Washington 98101
Phone: 206-436-8500

show BWP's images on RKCC's website, it's veracity was never subject to challenge as it would have if it been properly produced during discovery. Perhaps that is why it was never produced; we will never know. However, based simply on the information already available to RKCC, it was able to identify a number of apparent inconsistencies with that document which drastically undermines its reliability. See Dkt 23, pages 3-5.

In short, BWP never provided any admissible evidence upon which any trier-of-fact could conduct a side-by-side comparison necessary to prove copyright infringement. See *DiTocco v. Riordan*, 496 F. App'x 126, 128 (2d Cir. 2012)(a visual comparison of the works is required); c.f., *Eden Toys, Inc. v. Florelee Undergarment Co. Inc.*, 697 F.2d 27, 35 (2d Cir. 1982). Such a fundamental failure demonstrates that BWP's claim was unreasonable at a minimum, and perhaps even frivolous.

The Court's findings on summary judgment confirm that this case was objectively unreasonable. BWP's claims were not supported by the facts, and it should have recognized this before filing and pursuing this action through summary judgment. Accordingly, this factor weighs in favor of an award of attorneys' fees.

## C.   BWP's Motivation In Filing Suit Warrants An Award of Attorneys Fees

BWP's motivation in filing this suit is perhaps the single most compelling factor in favor of an award of attorneys' fees. BWP has filed nearly 200 such actions against various defendants for essentially identical claims of copyright infringement.[2] RKCC is

---

2 The Court may take judicial notice of public-court filings as reported at the following link:

WHITAKER LAW GROUP
1218 Third Avenue, Suite 1809
Seattle, Washington 98101
Phone: 206-436-8500

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

unaware about the details of those other cases, but in the instant case BWP filed this Federal lawsuit without ever even contacting RKCC about the dispute. In addition, BWP's settlement demands drastically exceeded any reasonable recovery BWP could possibly have expected. More specifically, BWP's initial settlement demand was $30,000, which is exactly **30 times** what it represented to this Court was its damages expectation. See Whitaker Decl, ¶ 5, Ex. A; Dkt 17, page 23 ("Plaintiff respectfully requests that the Court grant it statutory damages in the amount of one thousand dollars ($1,000.00)"). Indeed, BWP's settlement demand even exceeded everything that it asked for in relief from this Court. *Id*.

Even more compelling is how BWP used the specter of attorney's fees to put RKCC to Hobson's choice. In other words, BWP made it perfectly clear that RKCC would either pay $30,000 to BWP in settlement, or RKCC would pay its own counsel $30,000 to defend this action. Such is clear from BWP's settlement demand, in which BWP's counsel informed RKCC that if RKCC did not accept BWP's outrageous settlement demand, RKCC could expect to spend substantial sums to respond to mounting discovery propounded by BWP. See Whitaker Decl., ¶ 5, Ex. A.

In summary, BWP's business model is to use the threat of attorneys' fees to extract exorbitant settlement demands from litigants who, like RKCC, did nothing wrong. BWP's motivation in this matter supports an award of attorneys' fees in favor of RKCC. See *Baker v. Urban Outfitters, Inc*., 431 F. Supp. 2d 351, 359-60 (S.D.N.Y. 2006) (attorneys' fees should be awarded to deter plaintiffs

http://dockets.justia.com/search?parties=%22BWP+Media+USA%22&cases=mostrecent

Motion For Attorneys Fees
Case No. 13-cv-1975                    -6-

WHITAKER LAW GROUP
1218 Third Avenue, Suite 1809
Seattle, Washington 98101
Phone:  206-436-8500

"from bringing  unreasonable claims based on a cost/benefit analysis that tells such plaintiffs that they can score big if they win and that there will be no adverse consequences if they lose").

**D.    A Fee Award Will Advance Considerations of Compensation And Deterrence**

BWP's decision to file this lawsuit knowing that its claims were not supported was reckless, at best. At worst, it was a misguided attempt to force a nuisance settlement as set forth above. Interests of fairness and equity compel that RKCC be compensated for the attorneys'  fees incurred in defending this lawsuit. *Assessment Tech. of WI, LLC v. WIREdata, Inc*., 361 F.3d 434, 437 (7th Cir. 2004) (award of attorneys' fees is necessary to compensate a defendant for being forced to defend a "marginal" suit, because "[u]nless a party in that situation has a prospect  of obtaining attorneys' fees, it will be under pressure to throw in the towel if the cost is less than the anticipated attorneys' fees."); *Harrison Music Corp. v. Tesfaye*, 293 F. Supp. 2d 80, 85 (D.   D.C. 2003) ("The Copyright Act seeks to stimulate artistic creativity for the general public good and discourage infringement. Awarding attorney's fees addresses these goals because it enables  people to vindicate or defend their rights where it would otherwise be uneconomical to do so.")(internal citations omitted). Without financial consequences, there is nothing to discourage BWP or others from filing similar lawsuits in the future. See *Earth Flag Ltd. v. Alamo Flag  Co*., 154 F. Supp. 2d 663, 668 (S.D.N.Y. 2001)("This case presented a straightforward copyright infringement claim that was objectively unreasonable. … Failing to award attorneys' fees to  defendants in such situations would invite

WHITAKER LAW GROUP
1218 Third Avenue, Suite 1809
Seattle, Washington 98101
Phone:  206-436-8500

others to bring similarly unreasonable actions without fear of consequences.").

A fee award will further the interests of the Copyright Act, and "[t]he Ninth Circuit has held that faithfulness to the purposes of the Copyright Act is … the pivotal criterion." *Bernal v. Paradigm Talent & Literary Agency*, No. CV 07-06445 SVW (PLAx), 2010 WL 6397561, at *2 (internal citations omitted). Accordingly, this factor weighs in favor of an award of attorneys' fees in favor of RKCC.

## II.   RKCC'S ATTORNEYS' FEES ARE REASONABLE

Plaintiff filed this action in October of 2013. Over the approximately 15 months that the case was pending, RKCC incurred approximately $24,290 in attorneys' fees. Both the nature of the work actually performed and the rates charged by RKCC's counsel were reasonable. Accordingly, RKCC requests an award of $24,290.

### A.   Legal Standard For Fees Award

The Copyright Act provides that the prevailing party may recover a "reasonable attorney's fee." A reasonable attorney's fee is generally determined based on the so-called "lodestar" calculation of "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (civil rights action).

Courts determine the reasonableness of the rate for attorneys' fees based on the rates for similar services by attorneys of similar experience in the relevant community. *Blum v. Stenson*, 465 U.S. 886, 895 (1984) (civil rights action). "The relevant community includes 'attorneys practicing in the forum district' – that is, the

Motion For Attorneys Fees
Case No. 13-cv-1975

-8-

WHITAKER LAW GROUP
1218 Third Avenue, Suite 1809
Seattle, Washington 98101
Phone: 206-436-8500

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

district in which the court sits." *Bernal*, 2010 WL 6397561, at *6, quoting *Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir.1992).

## B.    The Work Performed Was Reasonable

During the 15 months that this case was litigated, RKCC's counsel performed a  substantial number of tasks strictly necessary to defend this action, including: reviewing and analyzing Plaintiff's Complaint; preparing and filing an Answer; analyzing and researching the facts of the case and RKCC's defenses to Plaintiff's infringement claims; responding to Plaintiff's written discovery; conducting numerous discovery conferences concerning Plaintiff's demand for production of documents and supplemental discovery responses; preparing supplemental discovery responses; preparing RKCC's motion for summary judgment and reply in support thereof; and responding to Plaintiff's motion for summary judgment. See Whitaker Decl., ¶ 6, Ex. B. As set forth in the invoices attached thereto, RKCC's time was spent exclusively on the relevant and necessary tasks.

## C.    RKCC's Counsel's Rate Is Reasonable

During the course of this litigation, RKCC was represented by one attorney, John Whitaker. Mr. Whitaker has substantial expertise in intellectual property litigation. See Whitaker Decl., ¶¶ 6-7. Mr. Whitaker has participated in numerous intellectual property jury trials and a large number of federal litigation matters. *Id*. Mr. Whitaker has roughly nineteen years of experience and has practiced exclusively in the area of intellectual property his entire career. Whitaker Decl., ¶ 3.

Motion For Attorneys Fees
Case No. 13-cv-1975

-9-

WHITAKER LAW GROUP
1218 Third Avenue, Suite 1809
Seattle, Washington 98101
Phone: 206-436-8500

1
2
3
4
5
6
7

Mr. Whitaker's billable rate is $350 per hour. Attached are the declarations of Philip P. Mann and Gregory Wesner, colleagues of Mr. Whitaker's who have substantial experience in this industry. Both of those individuals attest that Mr. Whitaker's billable rate is reasonable for his experience and expertise in this industry and region. See Mann Decl, Wesner Decl. Accordingly, the billable rate charged by RKCC's counsel is reasonable.

8
9

### D.   The Requested Fee Award Is Objectively Reasonable Compared to Similar Litigation

10
11
12
13
14
15
16
17
18
19
20
21

Finally, RKCC's attorney's fee award request is reasonable even when compared to other such litigation matters throughout the nation. The American Intellectual Property Law Association (AIPLA) conducts an annual survey of the average costs of litigation for intellectual property matters, including similar copyright actions. Attached as Exhibit C to the Whitaker Declaration is a summary of the 2013 AIPLA survey. As is evident from that summary, the average cost of copyright infringement litigation through discovery where the amount in controversy is less than $1 Million is approximately $216,000. RKCC's requested attorneys' fee award ($24,290) obviously pales in comparison to those numbers. Accordingly, RKCC's award is objectively reasonable.

22

### CONCLUSION

23
24
25
26

RKCC respectfully requests that this Court enter an award of attorneys' fees against BWP and in favor of RKCC pursuant to 17 U.S.C. § 505. RKCC estimates that its attorneys' fees reasonably

27

WHITAKER LAW GROUP
1218 Third Avenue, Suite 1809
Seattle, Washington 98101
Phone:  206-436-8500

1
2
incurred in defending this matter are $24,290. Accordingly, RKCC respectfully requests an award in that amount.

3
4          Dated: February 6, 2015.          Respectfully submitted,
5
6                                            John Whitaker, WSBA 28868
7                                            WHITAKER LAW GROUP
8                                            1218 Third Avenue, Ste 1809
                                             Seattle, Washington  98101
9                                            Phone (206) 436-8500
10                                           Fax (206) 694-2203
                                             john@wlawgrp.com
11
12                                           Attorneys for Defendant
13                                           Rich Kids Clothing Company,
                                             LLC
14
15
16
17
18
19
20
21
22
23
24
25
26
27

Motion For Attorneys Fees
Case No. 13-cv-1975                    -11-

WHITAKER LAW GROUP
1218 Third Avenue, Suite 1809
Seattle, Washington 98101
Phone:  206-436-8500

1

2

## CERTIFICATE OF SERVICE

3

I, John Whitaker, hereby certify that on the date indicated

4

below,  I caused a true and correct copy of the foregoing to be served

5

on all parties who have appeared in this matter.

6

7

8

Dated: February 6, 2015          s/ John Whitaker

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

Motion For Attorneys Fees
Case No. 13-cv-1975

-12-

WHITAKER LAW GROUP
1218 Third Avenue, Suite 1809
Seattle, Washington 98101
Phone:  206-436-8500